UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JERMAINE ARMSTRONG, an individual.**

Plaintiff

, v.

**ALCLEAR, LLC, a Foreign Limited Liability Company,**

Defendant.

Case No.: 2020 –   -

Honorable

Magistrate :

_____/

**MEROUEH & HALLMAN, LLP**
Attorneys for Plaintiff
Zachary A. Hallman, P78327 Odey K. Meroueh, P76460
14339 Ford Rd., 2nd Floor
Dearborn, MI  48126
(313) 582-7469
zhallman@mhatlaw.com
okm@mhatlaw.com
_____/

1

# COMPLAINT AND JURY DEMAND

Jermaine Armstrong ("PLAINTIFF" or "ARMSTRONG"), by and through his attorneys, MEROUEH AND HALLMAN, LLP for his Complaint against ALCLEAR, LLC. ("DEFENDANT" or "CLEAR"), states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jermaine Armstrong is a resident of the City of Westland, MI, in the County of Wayne.

2. At all times, Plaintiff was an employee as defined by the Family Medical Leave Act ("FMLA").

3. At all times, Plaintiff was an employee as defined by Title VII of the Civil Rights Act of 1964.

4. At all times, Defendant was an employer as defined by the Family Medical Leave Act ("FMLA").

5. At all times, Defendant was an employer as defined by Title VII of the Civil Rights Act of 1964.

6. The events giving rise to this action occurred mostly in the City of Detroit, County of Wayne, MI.

7. This Court holds federal question jurisdiction over this matter through the authority of the Family Medical Leave Act of 1993, 29 USC § 2601, 28 USC § 1331. , and Title VII of the Civil Rights Act of 1964 ("Title VII").

8. Plaintiff fulfilled his obligations of filing this Complaint at least in part as a charge, or here, charges, of discrimination at the Equal Employment Opportunity Commission ("EEOC").

9. He is filing this Complaint within the limitations period assigned to him regarding claims brought under Title VII.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

11. Plaintiff began his employment with ALCLEAR, LLC on or around February 2017, and worked as an Ambassador.

12. On or around August 7, 2019, Plaintiff was suspended by Defendant under the pre-textual accusation of "time-theft."

13. Following Defendant's three-week investigation on the matter, Plaintiff was brought back to work and issued a final warning, despite Defendant's lack of findings of fault on behalf of Plaintiff.

14. Plaintiff brought up to Defendant multiple examples of how Plaintiff's discipline

3

was not just something he considered unfair, but that other employees not in his protected class – Mr. Armstrong identifies and presents as an African-American male – received punishment less than his for the same offense, with at least one instance of no punishment at all to another employee for the same alleged offense.

15. Upon his return to work, Plaintiff found his time increasingly hostile, and it became apparent that Defendant's management, in particular John Wester, had a narrowed and targeted lens on Mr. Armstrong and was going to do what was necessary to see him out of his employment.

16. Plaintiff was then accused by an employee of sexual harassment by Defendant, an accusation that is not only defamation per so, but completed unfounded in reality, and another invented rationale for removing Plaintiff from employment.

17. Following the one-day "investigation" of Plaintiff's alleged harassment, Defendant terminated Plaintiff.

18. Defendant's treatment of Plaintiff through the second investigation mirrored his first in that, not only were the allegations completely unsubstantiated, but even should the allegations have been true, there were employees of Defendant whom faced similar allegations and were not terminated.

## COUNT I – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

20. Plaintiff's race was a factor in Defendant's discrimination, harassment and retaliation against Plaintiff.

21. Defendant, by and through its agents, representatives and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

22. Defendant's agents discriminated against the Plaintiff and his employment was adversely affected when the Defendant allowed a pattern, practice, and culture of racial discrimination to exist in the workplace.

23. Defendant's actions were intentional and were done with reckless indifference to Plaintiff's rights and sensibilities.

WHEREFORE, as a direct and proximate result of the Defendant's actions against Plaintiff, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, being subjected to embarrassment, humiliation, mortification, outrage, indignation, loss of reputation and esteem in the community, and loss of the ordinary pleasures of everyday life. Plaintiff requests

that this Honorable Court grant him whatever legal or equitable relief to which he is entitled and that the court finds equitable to compensate him.

## COUNT II – SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

25. Plaintiff's race was a factor in Defendant's discrimination, harassment and retaliation against Plaintiff.

26. Defendant, by and through its agents, representatives and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

27. Defendant's agents discriminated against the Plaintiff and his employment was adversely affected when the Defendant allowed a pattern, practice, and culture of racial discrimination to exist in the workplace.

28. Defendant's actions were intentional and were done with reckless indifference to Plaintiff's rights and sensibilities.

WHEREFORE, as a direct and proximate result of the Defendant's actions against Plaintiff, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, being subjected to embarrassment,

humiliation, mortification, outrage, indignation, loss of reputation and esteem in the community, and loss of the ordinary pleasures of everyday life. Plaintiff requests that this Honorable Court grant him whatever legal or equitable relief to which he is entitled and that the court finds equitable to compensate him.

PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

    Legal relief

      a. compensatory damages in whatever amount Plaintiff is found to be entitled to.
      b. exemplary damages in whatever amount Plaintiff is found to be entitled to.
      c. judgment for lost wages, past and future, in whatever amount Plaintiff is found to be entitled to.
      d. an award for the value of lost fringe and pension benefits, past and future.
      e. an award of interest, costs, and reasonable attorney fees.

2. Equitable relief
      a. an order reinstating Plaintiff to the position he would have held had there been no discrimination or retaliation.
      b. an injunction prohibiting any further acts of retaliation or discrimination.
      c. an award of interest, costs, and reasonable attorney fees.
      d. whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,

BY: /s/ *Zachary A. Hallman*
ZACHARY A. HALLMAN (P78327)
Attorneys for

Plaintiff 14339 Ford Rd., 2nd Floor
Dearborn, MI 48309
(313) 582-7469

Dated: April 6, 2020

## **DEMAND FOR JURY TRIAL**

Jermaine Armstrong ("PLAINTIFF"), by and through his attorneys, Meroueh & Hallman, LLP, hereby makes a demand for a jury trial in this matter.

Dated: April 6, 2020

                                        Respectfully submitted,
                                        Meroueh & Hallman, LLP
                                        BY: /s/ *Zachary A. Hallman*